(No. 3715— )

RALPH KNIPPEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1942.*

JAMES J. McCAULEY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Complaint was filed herein on May 12, 1942, alleging in substance, as follows:

That on September 24, 1941, claimant, while operating a motor vehicle on what is known as U. S. Route 14, in the County of McHenry, State of Illinois, at a point between the city of Harvard and the city of Woodstock in said County, struck an open hole in said highway, causing damage to said vehicle.

That the said open portion of said highway was caused by employees of the State of Illinois removing a large portion of cement from the said highway for the purpose of placing a new cement slab. That the opening was approximately 9 feet in width, 14 feet in length and 2 feet deep, and was left entirely unguarded.

A motion was filed on May 27, 1942 on behalf of respondent to dismiss the foregoing claim on the grounds that the complaint does not state a claim which the State of Illinois, as a sovereign commonwealth, should in equity and good conscience discharge and pay in that therein claimant seeks an award predicated upon the alleged negligence of the State, its officers, agents or employees.

This court has repeatedly held that the State, in the exercise of its governmental functions, is not liable for injuries resulting from the negligence of its servants, agents or employees.

This court has also held that the doctrine of respondeat superior does not apply; also that an award cannot be made solely on the basis of equity and good conscience in the absence of a legal or equitable basis on which an award could be made.

165

Among the many cases so holding are
*Wentworth* vs. *State*, 9 C. C. R. 240.
*Johnson* vs. *State*, C. C. R. 474.
*Allison* vs. *State*, 11 C. C. R. 420.
*Crabtree* vs. *State*, 7 C. C. R. 207.

Respondent's motion to dismiss is therefore sustained, and the claim is hereby dismissed.